Missouri, K. & T. Ry. Co. v. Walker, County Treasurer, et al.

## MISSOURI, K. & T. RY. CO. v. WALKER, *County Treasurer, et al.*

No. 4983.   Opinion Filed January 4, 1916.

(154 Pac. 343.)

**TOWNS—Township—Tax Levy—Limit.** The total township levy for current expenses cannot, without a vote of the people, exceed 3 mills in any one year; and the 10 per cent. which the excise board is authorized to add for delinquent taxes, when added to the sum necessary for current expenses, must not increase the levy beyond the limit of three mills.

(Syllabus by Hatchett, C.)

*Error from District Court, Pawnee County;*
*L. M. Poe, Judge.*

Action by the Missouri, Kansas & Texas Railway Company against David M. Walker, County Treasurer, and another. Judgment for defendants, and plaintiff brings error. Reversed and remanded, with directions.

*Clifford L. Jackson, W. R. Allen,* and *M. D. Green,* for plaintiff in error.

*J. A. McCollum,* for defendants in error.

Opinion by HATCHETT, C. This suit was instituted by the Missouri, Kansas & Texas Railway Company, as plaintiff, against David M. Walker, county treasurer of Pawnee county, and C. C. Marshall, sheriff thereof, defendants, for an injunction to enjoin the collection of certain taxes assessed against the plaintiff on its property in Jordan Valley township and in school districts Nos. 2 and 51 in Pawnee county. The plaintiff alleged in its petition as grounds for the injunction that in the said school districts there was a levy made in excess of

the limitation fixed by the act of the Legislature of March 17, 1910 (Sess. Laws 1910, c. 64), and in excess of the limitation fixed by section 9, art. 10, of the Constitution, and that in said township there was also a levy in excess of the limitation fixed by said act of the Legislature. A stipulation as to the facts was entered into between the parties and the cause submitted thereon to the court. The stipulation shows that the excise board of Pawnee county made a levy for taxes for current expenses for the year involved for the support of common schools in school district No. 2 of five and five-tenths mills; for the support of common schools in school district No. 51, five and five-tenths mills; for township purposes in Jordan Valley township, three and three-tenths mills. The court granted the relief sought as to the two school districts, holding that the levy was five-tenths of a mill in excess of the limit allowed by law, and enjoined the collection of the excess above five mills, but refused to grant the relief sought as to Jordan Valley township, and taxed half the costs against each of the parties, and the plaintiff has appealed to this court.

The principal question involved is:

"What is the limit that the county excise board can levy for township purposes; is it three mills or three and three-tenths mills?"

Section 7376, Rev. Laws 1910, is as follows:

"Except as otherwise provided in this article, the total levy for current expenses of each county, city, town, township or school district shall not exceed in any one year the following: County levy, not more than five mills; Provided, that any county may levy not exceeding one mill additional in aid of the common schools of the county, and in any county where a county high school is

located, an additional levy of not more than one mill may be made for the county high school: Provided, further, that where the assessed valuation of any county is less than four million dollars, the county levy shall not exceed six mills. City levy, not more than seven mills. Incorporated town levy, not more than five mills. Township levy, not more than three mills. School district levy, for the support of common schools, not more than five mills."

Section 7380 provides:

"The excise board shall meet at the county seat on the last Saturday of July of each year for the purpose of examining the estimates of expenses for the county and for each city, town, board of education, township and school district therein. Their meeting shall be public and they shall keep a record of their proceedings. They shall have power to revise and correct any estimate certified to them where the amount thereof is in excess of the just and reasonable needs of the municipality for which the same is made. When they shall have approved each estimate, if the same shall be within the limits for current expenses, provided by the first section of this article [section 7376] and shall have ascertained the assessed valuation of property taxed *ad valorem* in the county and in each municipal subdivision thereof, and shall have ascertained the probable income of the county and of each municipal subdivision thereof from all sources other than *ad valorem* taxation, they shall thereupon make the levy therefor, adding thereto the amount ascertained to be necessary for a sinking fund which, with the money already in such fund, shall be sufficient to pay, at maturity, all bonded indebtedness of such municipality, and for the interest coupons falling due on the outstanding bonds of such municipality; to the total amount so ascertained to be necessary for current expenses, sinking fund and interest coupons shall be added ten per cent. for delinquent taxes. The levies so made by them shall be certified to the county clerk, who shall extend the same upon the tax roll."

The following section then provides for the method of holding elections for the purpose of increasing the levy in case of necessity.

Now the question is whether or not under section 7380, providing the procedure for the excise board, the 10 per cent. which shall be added for delinquent taxes authorizes the board to add such 10 per cent. to the limit fixed by section 7376. In the instant case the excise board fixed the levy in the school districts at five and five-tenths mills, and in the township at three and three-tenths mills, each being 10 per cent. higher than the limit fixed by section 7376.

Section 9 of article 10 of the Constitution fixes the limitation for school district levy at not more than five mills for school district purposes for support of common schools without a vote of the people of the district. Then if the Legislature intended that the 10 per cent. which the excise board is authorized to add for delinquent taxes should be in addition to the five mills authorized for school district levy, then it was clearly beyond the point fixed in the Constitution; but if the law means that the excise board shall ascertain the sum of money necessary for the purposes named therein, then should add 10 per cent. thereto, but that the total should be within the five mill levy, the act would be in accord with the Constitution. The act being susceptible of a construction which will uphold it, the courts will so construe it. *C., R. I. & P. Ry. Co. v. Beatty,* 34 Okla. 321, 118 Pac. 367, 126 Pac. 736, 42 L. R. A. (N. S.) 984; *St. L., etc., R. Co. v. Zalondel et al.,* 28 Okla. 746, 115 Pac. 867.

The defendants admit that the five-mill limitation for school district purposes was binding upon the Legislature,

but contend that it was the intent of the Legislature in the section above quoted to fix the maximum limit at five and five-tenths mills for school district purposes, and three and three-tenths mills for township purposes, and wherein the Legislature exceeded the limit provided by the Constitution as to the levy for school district purposes, the statute should be reduced within such limit, but allowed to stand as fixed for township purposes, because the three and three-tenths mills would be within the limit of the Constitution. In other words, they want the law in that regard to be made to read as follows:

"That the 10 per centum for delinquent taxes shall be added to the total amount found necessary for current expenses, sinking fund and interest coupons, even though such an addition would exceed the limitation fixed by section 1 of said act, unless such an addition would exceed the limit fixed by the Constitution, and then in that event, no such addition can be made."

Our task is to construe these statutes and ascertain the true intent of the Legislature. It is not to be presumed that the Legislature intended to go beyond the limit fixed by the Constitution in any event. If we place such construction upon this act as contended for by the defendants, then we must say that the Legislature intended to fix a maximum limit for school district purposes beyond that fixed in the Constitution. But if we give this act the construction contended for by the plaintiff, then all of its parts and each of its provisions would be within the maximum levies fixed by the organic law. And, further, it is the true rule of construction that all parts of an act of the Legislature should be so construed, if possible, as to make them harmonious and give effect to each provision. Section 7376, Rev. Laws 1910, says:

That "except as otherwise provided in this article (which means that unless an election is held under the provisions of this article) the total levy for current expenses of each county, city, town, township and school district shall not exceed in any one year the following: * * * Township levies not more than three mills; school district levy, for the support of common schools, not more than five mills."

If section 7380, *supra*, should be so construed as to permit the excise board to add 10 per cent. for delinquent taxes to the three mills for township purposes and the five mills for school district purposes, then section 7376 could not be given its plain and clear meaning, but it would be necessary in that event to give it the meaning that the total levy for township purposes should be three mills and an additional 10 per cent., and the total levy for school district purposes five mills and 10 per cent.

The trial court evidently took the view that the levy for school district purposes exceeded the limit fixed by the Constitution, and therefore enjoined the collection of the taxes in excess of five mills, but that the proper construction of section 7380, Rev. Laws 1910, would permit the excise board to levy taxes for township purposes at 10 per cent. above the three mills fixed by section 7376. We cannot arrive at any other conclusion than that the trial court erred in so construing the act, and that the true construction is that the total which the excise board can levy for township purposes is three mills, and that the 10 per cent. which the law provides shall be added for delinquent taxes, when added to the amount estimated to be necessary for current expenses, for the township must be within the three-mill maximum limit.

We therefore recommend that the judgment of the trial court be reversed and the cause remanded, with directions to enter judgment in favor of the plaintiff enjoining the collection of the excess in taxes and assessing the costs against the defendants.

By the Court: It is so ordered.