ST. LOUIS & SAN FRANCISCO R. CO. v. CALDWELL, County Treasurer, et al.

No. 9471—Opinion Filed July 15, 1919.

(Syllabus by the Court.)

1. **Taxation—Estimate for Current Expenses—Limitation of Levy.**

The provisions of section 7380, Revised Laws 1910, requiring that 10 per cent. for delinquent taxes shall be added to the approved estimate for current expenses, did not authorize or empower the excise board to make a levy for year ending June 30, 1916, in excess of the limit as provided in chapter 195, Session Laws 1913.

2. **Same—Excessive Levy—Recovery of Illegal Excess.**

Unless otherwise authorized by a vote of a municipality affected, the excise board is without authority to levy a tax in excess of the limit provided in chapter 195, supra, and if such excessive levy is made, then such part of the levy as is excessive is illegal, and a suit will lie to recover back that portion of the money, the product of the part of the levy which is excessive.

3. **Statutes—Construction — Legislative Intent.**

When there is an element of doubt as to the legislative intent arising from the wording of the statute, it is the duty of the court to follow that construction which will lead to the most reasonable conclusion in so far as violence is not done to the plain meaning of the words of the statute, and where conflicting theories are advanced in construing a statute, if the wording of a statute will permit, the court should follow the most reasonable theory advanced as being the legislative will. If the wording of the statute permits, the theory that is reasonable should be followered in preference to one which will lead to an inconsistency, injustice, or to an absurdity.

Error from District Court, Choctaw County; C. E. Dudley, Judge.

Action by the St. Louis & San Francisco Railroad Company against F. H. Caldwell, County Treasurer, and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

W. F. Evans, R. A. Kleinschmidt, and Fred E. Suits, for plaintiff in error.

W. J. Holloway, Co. Atty. of Choctaw County, for defendants in error.

HIGGINS, J. The parties hereto will be referred to as plaintiff and defendants as in the trial court.

The excise board of Choctaw county for the year ending June 30, 1916, made a levy for current expenses for the county and other municipalities situated therein, as follows, to wit: Choctaw county, 4.46 mills; Peter, Everidge, Hunter, and Oaks township, 1.7 mills each; Ratliff township, 1.9 mills; city of Hugo, 6.6 mills; and the towns of Boswell and Ft. Towson, 4.4 mills each. The plaintiff paid the taxes, the product of this levy, at the same time filing with the defendant a protest, and brought this suit in conformity with law, asking for the return of that sum which it claims to be the product of an illegal and excessive levy. It is agreed by the parties that there was no vote in any of the municipalities mentioned above authorizing the increase in the levy.

The statutes in force at the time of the levy complained of include section 7376, Revised Laws of Oklahoma 1910, as amended by chapter 195, Session Laws 1913, which provides that for current expenses the county levy shall not exceed 4 mills, city levy 6 mills, incorporated town levy 4 mills, and township 1½ mills.

Plaintiff claims that it should have judgment for the return of the money, the product of an excessive levy, as follows: Against Choctaw county, $482.46; Jeter township, $46.18; Ratliff township, $43.56; Everidge township, $33.72; Hunter township, $26.42; Oaks township, $18.29; Hugo City, $56.79; Boswell, $5.04; and Ft. Towson, $4.03.

The parties to this suit differ upon the construction of section 7380, supra. The plaintiff contends that in no instance can the levy be in excess of the limit fixed by chapter 195 of the Session Laws of 1913, unless authorized by a vote of the municipality affected thereby; while the defendants contend that, if the approved estimate be within the limits for current expenses as provided in said section, then the excise board shall add 10 per cent. for delinquent taxes. In

this case the approved estimate was within the limit, but when the 10 per cent. was added thereto, it required a levy in excess of the limit fixed by chapter 195 to raise the amount of money to meet the estimate.

This does not appear to be a new question in this court, for in M., K. & T. R. Co. v. Walker, 54 Okla. 359, 154 Pac. 343, it is stated:

"The total township levy for current expenses cannot, without a vote of the people, exceed 3 mills in any one year; and the 10 per cent. which the excise board is authorized to add for delinquent taxes, when added to the sum necessary for current expenses, must not increase the levy beyond the limit of 3 mills."

We believe the construction of the statutes in question as above set forth, and the reason therefor, are cogent and sound. From the wording of section 7380, supra, there may be some element of doubt as to when 10 per cent. of an estimate may be added thereto. In such a case, and when the words of the act will permit, it is the duty of the court to give this section the most reasonable construction practicable, and, where two opposing theories are advanced, to follow the one most reasonable. 36 Cyc. 1106 is as follows:

"The fundamental rule in construing statutes is to ascertain and give effect to the intention of the Legislature. This intention, however, must be the intention as expressed in the statute, and where the meaning of the language is plain, it must be given effect by the courts, or they would be assuming legislative authority. But where the language of the statute is of doubtful meaning, or where an adherence to the strict letter would lead to injustice, to absurdity, or to contradictory provisions, the duty devolves upon the court to ascertain the true meaning. * * *"

The reason advanced by defendants is that 10 per cent. can be added only when the estimate for current expenses is within the limits fixed by chapter 195, supra. This would mean that, if the estimate for current expenses is in excess of such limit, 10 per cent. could not be added. This would lead to an inconsistency, for the reason is just as great for the addition of this 10 per cent. for delinquent taxes when the estimate is in excess of the limits as when within the limits. And furthermore this theory in a school levy might bring the statutes in conflict with the Constitution wherein it is provided that the levy shall not exceed 5 mills without a vote of the people.

After consideration of the other sections of the statutes referring to a municipal levy of taxes, we find it was the legislative intent that the maximum levy for municipal pur-

poses for the year ending June 30, 1916, should not exceed the limits as provided in chapter 195, supra, unless there be a vote authorizing such levy, and it was error for the excise board to exceed the limit therein provided.

The judgment of the trial court is reversed and remanded, with directions to enter judgment for plaintiff in keeping with this opinion.

OWEN, C. J., and SHARP, PITCHFORD, and McNEILL, JJ., concur.