**GOING, County Treas., et al. v. ATCHISON, T. & S. F. R. CO.**

No. 13227—Opinion Filed Feb. 13, 1923.

Rehearing Denied March 13, 1923.

(Syllabus.)

1. **Counties — "County Funds" — Common School Funds in County Treasury.**

Funds in the hands of the county treasurer as a part of the common school funds are not county funds, but belong to the various school districts of the county, and the county treasurer is simply designated by law as the proper agency for receiving the various items going into such fund and for the disbursement thereof upon the order of the county superintendent.

2. **Taxation—County Levy—"Surplus Revenue"—Cash Balance in Common School Fund.**

The balance of cash on hand in the common school fund at the end of the fiscal year is not a surplus revenue of the county,

and should not be deducted by the excise board from the total amount of appropriations for the purpose of ascertaining the amount to be raised by ad valorem tax for the county.

3. **Same — "Items of County Income" — Items of Income for Common School Fund.**

The various items of income for the common school fund, including the amount to be received from the state apportionment, interest on daily balances, mortgage tax fees, fees from registration of choses in action, marriage license fees, fines and forfeitures, and gross production taxes, are not to be considered items of income of the county, and should not be deducted by the excise board from the total appropriations for the current expenses of the county in determining the amount to be raised by ad valorem tax.

4. **Same—Ten Per Cent. for Delinquent Taxes.**

Section 9699, Comp. Stat. 1921, contemplates an appropriation for the current expenses of the county, and an appropriation for the aid of common schools, that the various items of appropriation should be totaled and 10% added for delinquent taxes, that there should be deducted therefrom the surplus revenue of the county on hand at the end of the fiscal year and the estimated income from sources other than ad valorem tax, and the difference will be the amount to be raised by ad valorem tax; but the surplus in the common school fund and the estimated income of that fund from sources other than ad valorem tax should not be considered as surplus revenue of the county or estimated income of the county.

5. **Same—Township Drag Tax.**

Under the provisions of section 6, ch. 30, Session Laws 1916, a levy of not more than two mills for drag tax may be levied in each township, and where the appropriation for drag purposes requires the total two-mill levy, the excise board is not authorized to add to such appropriation 10% for delinquent taxes.

Error from District Court, Payne County: C. C. Smith, Judge.

Action by the Atchison, Topeka & Santa Fe Railway Company against W. E. Going, County Treasurer of Payne County, and certain townships thereof, to recover certain taxes paid under protest. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

John F. Vaughan, Co. Atty., and Wilcox & Swank, for plaintiffs in error.

Cottingham, Hayes, Green & McInnis and Lowry & Moore, for defendants in error.

COCHRAN, J. This action was brought by the Atchison, Topeka & Santa Fe Rail-

way Company, to recover from the county treasurer of Payne county certain taxes paid by it under protest. The taxes sought to be recovered involve a levy made by county for common school purposes amounting to one mill and levies made for numerous townships for road drag purposes. The record shows that for the fiscal year 1920-21 the board of county commissioners prepared an estimate of its financial condition and the needs for the fiscal year and submitted the same to the county excise board; this financial statement showed a balance on hand in the common school fund on June 30, 1920, of $31,371.02; under the estimated needs for the fiscal year 1920-21 the county commissioners showed, "Needed for aid to common school purposes, $50,000"; under the head, "Estimated income from sources other than ad valorem taxation, common school fund", the estimate recited the following:

State apportionment _____$22,131.05
Interest on daily balances _____  6,116.37
Mortgage tax _____  4,897.68
Marriage licenses _____  1,185.00
Registration of choses in action _____    109.70
Fines and forfeitures _____    301.50
Gross production _____ 32,839.98
                                            _____
    Total _____$67,581.28

The summary of appropriations includes $50,000 for common schools, and the total appropriations amounted to $419,537.89. The estimate of income from sources other than ad valorem tax, not included in the estimate separately from the estimate of income for the common school fund, amounted to $59,544.17. These items of income were listed and totaled in the estimate separately from the estimate of income for the common school fund. After ascertaining the total amount of the appropriations, the county excise board deducted therefrom the estimated income from other sources of $59,544.17, but did not deduct the item of $67,581.28 representing the estimated income for the common school fund. It also deducted as the surplus revenue for the previous year the sum of $29,010.30, which did not include the item of $31,371.02, the balance in the common school fund on June 30, 1920. The plaintiff contended that the provisions of section 9699, Comp. Stat. 1921, which require that the excise board shall compute the total of the several items of appropriations and add thereto 10% for delinquent taxes and shall deduct from the total so computed the amount of any surplus balance of revenue or levy ascertained to be on hand for the previous fiscal year, together with the amount of the probable income from all sources other than ad valorem taxation, and shall then make

a levy for the balance, provided the same shall be within the limits provided by law, required the excise board to deduct the balance on hand in the common school fund together with the estimated income from sources other than ad valorem tax for the benefit of that fund from the total amount of the appropriation, or, at any rate, the balance of cash on hand and estimated income from other sources being in excess of the amount of the appropriations for common schools would require that this item be excluded in making the levy. The district court agreed with this contention and rendered judgment for the plaintiff.

Section 9692, Compiled Statutes 1921, provides that a county may levy not more than four mills for current expenses, provided it may levy not exceeding one mill additional in aid of common schools of the county. Sections 2 and 3, art. 2, of the Constitution created a permanent school fund and provided for the apportionment of the income from that fund among the common school districts of the state, and section 10237, Compiled Statutes 1921, requires the Commissioners of the Land Office in distributing these funds to draw their order on the State Treasurer for the amount of moneys apportioned in favor of the county treasurer of the county entitled to such school moneys and to certify the amount of such order to the State Treasurer, the county clerk, and superintendent in the proper county. Under various provisions of the statutes, adopted since statehood, it is provided that there shall be deposited with the county treasurer of the county, for the benefit of the common school fund, funds derived from interest on daily balances, mortgage tax, fees from registration of choses in action, marriage license fees, fines and forfeitures, and a portion of the gross production receipts. It is thus seen that the common schools of the state are supported by a state apportionment augmented by the funds received from the above-named sources, and with the privilege of being augmented by an additional county levy for common school purposes of not to exceed one mill. Section 10315, Compiled Statutes 1921, provides as follows:

"Within five days after receiving the certificate of the State Superintendent of Public Instruction informing him of the amount of state school fund which has been apportioned to his county, such county superintendent shall apportion the same, together with the unapportioned county school fund in the county treasury among the school districts and parts of districts in

such county in the ratio of the number of persons of school age who are entitled to receive the same, residing in each district, or part of district, as shown by the last annual report of the several clerks of such district or parts of districts. provided, that no district in which a common school has not been taught for at least three months within the last two preceding school years shall be entitled to receive any portion of said funds, and he shall draw his order on the county treasurer in favor of the several school districts for the amount apportioned to such district."

The foregoing provisions of the statute are cited for the purpose of showing that the common school fund is not a county fund. The statute specifically provides how county funds shall be disbursed. Section 5931, Compiled Statutes 1921, provides:

"It shall be the duty of the county treasurer to receive all moneys belonging to the county from whatever source they may be derived, and other moneys which by law are directed to be paid to him, and all moneys received by him for the use of the county shall be paid by him only 'on the warrants of the board of county commissioners, drawn according to law, and all moneys shall be paid over by him as provided by law."

Section 5809, Compiled Statutes 1921, provides that all warrants upon the county treasurer shall be issued upon the order of the board of county commissioners, signed by the chairman thereof, and attested by the county clerk. It seems clear to us from the foregoing provisions that the moneys paid to the county treasurer for the common school fund were never intended by the Legislature to be considered county funds, but, on the contrary, were intended as a fund for the use of the various school districts of the county, and the county treasurer is simply designated by law as the proper agency for receiving the various items going into the common school fund, and shall disburse the same upon the order of the county superintendent without any action on the part of the county commissioners whatever.

Having arrived at this conclusion, it follows that the surplus in the common school fund on June 30, 1920, was not the surplus revenue of the county, and also that the various items of income for the common school fund from sources other than ad valorem tax were not items of income of the county, and that neither of these items should have been considered by the excise board in determining the levy. It is our opinion that section 9699 contemplates an appropriation for the various items of current expense and an item for the aid of common schools; that these items of appropriations should be totaled and 10% added thereto for delinquent taxes, and there should be deducted therefrom the surplus revenue of the county on hand June 30, 1920, and estimated income of the county from sources other than ad valorem tax, and the difference would be the amount to be raised by ad valorem tax. In the case at bar, the county commissioners estimated a need for $50,000 in aid of common schools. The excise board then appropriated $50,000 for that purpose. It was then the duty of the excise board to add the item of $50,000 to the other items appropriated and from that total deduct the surplus revenue of the county on hand June 30, 1920, together with the county's estimated income from sources other than ad valorem tax, and to make a levy for the difference. Since it is our opinion that the money in the common school fund does not belong to the county, and the income for the benefit of the common school fund from state apportionment, interest on daily balances, etc., is not an income of the county, those items should not be deducted from the total amount of the appropriations in arriving at the amount to be raised by ad valorem tax for the fiscal year. It is our opinion that the excise board properly excluded these items in making the levy, and that the levy of one mill in aid of common school purposes is a legal and valid levy.

The plaintiff seeks to recover taxes paid by it, which it alleges to be excessive by reason of certain township levies. Each of the townships involved made an estimate for current expenses, and in addition an estimate for road drag fund. The amount in each instance which was appropriated for road drag purposes represented a two-mill levy on the property of the plaintiff and all other property in the township. The excise board added the amount of the appropriation for current expense and road drag fund and then added 10% for delinquent taxes. The practical operation of this was to make a levy of two and two-tenths mills for road drag purposes against the property. The defendant contends that, inasmuch as the total levy for current expenses and road drag fund amounts to only three and five-tenths mills, such levy is within the statutory limit of one and five-tenths mills for current expenses and two mills for road drag purposes. The fallacy in this connection is, that the appropriation for current expenses did not require the full levy of 1.5 mills, and the es-

timate clearly shows that the levy for the road drag fund is 2.2 mills. The road drag tax is levied under the authority of section 6, ch. 30, Session Laws 1916, which provides:

"For this purpose there shall be expended under the direction of the township board, through the road superintendent, upon the township road system not more than two mill drag tax herein authorized to be levied."

This court has held that the 10% which the excise board is authorized to add for delinquent taxes must not increase the levy beyond the statutory limit, and that where the appropriation requires a levy of the statutory limit, the board does not have the power to make the additional levy of 10% for delinquent taxes. M., K. & T. Ry. Co. v. Walker, Co. Treas., 54 Okla. 359, 154 Pac. 343; St. L. & S. F. Ry. Co. v. Caldwell, Co. Treas., 75 Okla. 153, 182 Pac. 688.

Inasmuch as the statute authorizing the road drag tax limits the amount to two mills, the addition of 10% for delinquent taxes is in excess of the statutory limit and a two-tenths mill levy in each of the townships involved was illegal, and the judgment of the trial court in favor of the plaintiff for such excessive levy was correct.

The judgment of the trial court is reversed, and cause remanded, with directions to enter judgment for the defendant and against the plaintiff on the second cause of action in each of the actions, and in favor of the plaintiff and against the defendant upon all causes of action numbered from three to twelve, both inclusive, in each of said actions.

JOHNSON, V. C. J., and McNEILL, KANE, NICHOLSON, KENNAMER, and BRANSON, JJ., concur.