LUSK et al. v. EMINHISER, *County Treasurer*.

No. 8138.  Opinion Filed June 6, 1916.

(158 Pac. 915.)

1.   **HIGHWAYS—Taxation—Power to Tax—Officers.** The part of section 10, art. 2, c. 173, Session Laws 1915, entitled, "An act creating a department of highways and relating to roads and highways, and repealing chapter 105, Session Laws 1910-1911, and section 8581, Rev. Laws 1910," which provides: "For this purpose there shall be expended, under the direction of the township board, through the road superintendent, upon the township

road system not more than two mills drag tax herein authorized to be levied," requires the expenditure of not more than two mills drag tax each year upon the taxable property of the townships of the state for the purpose of constructing and maintaining dragable roads, in pursuance of the provisions of the good roads law of the state, and authorizes the levy and collection thereof by the local taxing officers.

2.    SAME—Limitation of Amount. The drag tax authorized by section 10, art. 2, c. 173, Session Laws 1915, is not governed by the limitation upon the township levy contained in section 7376, Rev. Laws 1910, nor is it necessary to submit the question of its levy and collection to a vote of the qualified electors of the township, pursuant to sections 7381, 7382, Rev. Laws 1910.

3.    STATUTES—Subjects and Titles—Drag Tax. The part of section 10, art. 2, c. 173, Session Laws 1915, which provides: "For this purpose there shall be expended, under the direction of the township board, through the road superintendent, upon the township road system not more than two mills drag tax herein authorized to be levied," is not void as being repugnant to section 57, art. 5, Williams' Constitution.

(Syllabus by the Court.)

*Error from District Court, Tillman County;*
*F. B. Swank, Assigned Judge.*

Action by James W. Lusk and others, receivers of the St. Louis & San Francisco Railroad Company and another, against E. B. Eminhiser, County Treasurer of Tillman County. Judgment for defendant, and plaintiffs bring error. Affirmed.

*W. F. Evans, R. A. Kleinschmidt,* and *Fred E. Suits,* for plaintiffs in error.

*S. P. Freeling,* Attorney General, *Smith C. Matson,* Assistant Attorney General, and *C. E. Hall,* County Attorney, for defendant in error.

KANE, C. J. This was an action commenced by the plaintiffs in error, plaintiffs below, against the defendant in error, defendant below, pursuant to section 7, art. 1, c. 107, Session Laws 1915, to recover the amount

of taxes paid under protest upon an alleged illegal and excessive levy of four mills, made by the county excise board of Tillman county for Hunter township, for the fiscal year ending June 30, 1916. A general demurrer was sustained to the petition of the plaintiffs by the trial court, and it is to review this action that this proceeding in error was commenced.

It is conceded that a levy of one and nine-tenths mills was made against the property of the railroad company for the benefit of Hunter township, and that this levy was four-tenths mills in excess of any levy which could legally be made pursuant to section 7376, Rev. Laws 1910, as amended by chapter 195, Session Laws 1913, which provides:

"In all counties, the total levy for current expenses in each county, city, town, township or school district shall not exceed in any one year the following:

"County levy not more than four mills, provided that any county may levy not exceeding one mill additional in aid of the common schools of the county; and provided that where the assessed valuation of any county is less than $4,000,000, the county levy shall not exceed six mills for current expenses, and one mill in aid of the common schools of the county; and provided, further, that where the assessed valuation of any county is less than $10,-000,000 and not less than $4,000,000, the county levy shall not exceed five mills for current expenses and one mill additional in aid of the common schools of the county; city levy not more than six mills; incorporated town levy not more than four mills; township levy not more than one and one-half mills; school district levy for the support of the common schools, not more than five mills."

Therefore, whether the petition states a cause of action turns upon whether the excise board was author-

ized by section 10, art. 2, c. 173, Session Laws 1915, to levy an additional two-mill drag tax, to be expended under the direction of the township board upon dragable roads, without submitting the question to a vote of the qualified electors of the township. Section 10, *supra,* forms part of an act entitled, "An act creating a department of highways and relating to roads and highways, repealing chapter 105, Session Laws 1910-11, and section 7581, Rev. Laws 1910," which act has for its purpose the construction and maintenance of good roads and highways through the state by the co-operation of the state and local highway authorities under the direction and supervision of the state department of highways.

With this end. in view the office of Commissioner of Highways was created, to have supervision of all matters relating to state roads and highways. To facilitate the co-operation of the state and its minor governmental agencies in this work, the act provides for the division of all roads and highways into state, county, and township road systems. The act requires the board of county commissioners of each county to designate and select for improvement from the highways of the county not less than 10 per cent., nor more than 15 per cent., of the total mileage, to be designated as state roads. By the terms of the act, all roads not embraced in the state road system belong to either the county or township road system. Section 10, *supra,* which we are called upon to construe, provides that:

"At every February meeting, or as soon thereafter as possible, the township board of each township shall select from its township road system the roads to be dragged for one year, to be known as dragable roads, and shall employ a superintendent of the township road sys-

tem, who shall give bond for the faithful performance of his duties in such sum as said board may direct. Said superintendent shall have general supervision of all dragging and repair work on the township road system, whose term of office and compensation shall be at the discretion of the township board. He shall see that the approaches to all bridges on the said roads are maintained in such manner as to present smooth and uniform surfaces and shall keep the openings to all culverts and ditches free from weeds, brush and other material that will in any manner prevent the free discharge of surface water. He shall have charge of all dragable roads of the township road system and shall make contracts for dragging, and shall see that all dragable roads of the township road system are properly dragged at such times as are necessary to maintain such roads in a smooth condition, at such price as is reasonable and necessary to secure such contracts.

"For this purpose there shall be expended, under the direction of the township board, through the road superintendent, upon the township road system not more than two-mill drag tax herein authorized to be levied."

Counsel for plaintiffs in error, in their brief, state their main contention as follows:

"The maximum levy, which the excise board can make for the current expenses of a township, is fixed in section 7376, Rev. Laws 1910, as amended in Session Laws 1913, p. 435, as one and five-tenths mills. It is our contention, therefore, that a township cannot exceed the maximum levy therein provided, without a vote of the electors of the township, and that there is nothing in the State Highway Act which in any way authorizes the county excise board to make a levy in excess of the maximum limit fixed by section 7376, as amended."

Before considering the question whether section 10, *supra,* authorizes the county excise board to make a levy

in excess of the maximum fixed by section 7376, *supra,* as amended, without a vote of the qualified electors of the township, it will be necessary to note a preliminary question which goes to the constitutionality of the part of the act from which such power must flow, if it exists at all. Counsel in their brief say:

"If effect is to be given to the language found in section 10, art. 2, c. 173, Sess. L. 1915, p. 317, providing for a levy of two mills for drag tax as contended for by the defendant in the court below, then we submit that the same is in conflict with article 5, sec. 57, of the Constitution, which reads as follows:

"Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title. * * * Provided: That if any subject be embraced in any act contrary to the provisions of this section, such act shall be void only as to so much of the law as may not be expressed in the title thereof."

The precise point presented is that, inasmuch as no direct reference is made to the subject of taxation, or, limitations of levy, in the title to the act, the general purpose of this provision is not clearly expressed in the title, and therefore must be held to be void. We consider this position wholly untenable. The general subject embraced in the title of the act includes not only the creation of a highway department, and everything relating to highways and roads, but the means by which the work may be accomplished, including the proceedings necessary to be adopted for these purposes, such as assessing and paying the expenses incurred, etc. *Matter of the Petition of Ferdinand Mayer to vacate a system of Sewers in the City of New York,* 50 N. Y. 504. The main purpose for which such constitutional provisions are adopted is to prevent matters foreign to the main objects of a bill from finding

their way into such enactment surreptitiously. *In re County Commissioners*, 22 Okla. 435, 98 Pac. 557.

If this is the principal abuse against which this provision is directed, it seems to us that the generality of the title, not defining the particulars of the proposed legislation, would be more apt to excite general attention than otherwise, since the general words would give warning that everything within their limits might be affected, and thus draw the attention of the whole body of the legislators; while narrower words would only interest those concerned with the matters specially named. *Mobile Transportation Co. v. City of Mobile*, 128 Ala. 335, 30 South. 645, 64 L. R. A. 333, 86 Am. St. Rep. 143; *Jefferson v. Toomer, Clerk*, 28 Okla. 658, 115 Pac. 793. Many of the authorities construing this and similar constitutional provisions in harmony with the foregoing views may be found collected in *Jefferson v. Toomer, Clerk, supra*.

Having reached the conclusion that the subject of the part of section 10, *supra*, now under discussion is properly embraced in the general title of the act, we will now take up the questions: (1) Whether the Legislature intended to authorize the additional levy of two mills for a drag tax; (2) if so, whether the levy can be made in excess of the limitation prescribed by section 7376, *supra*, without a vote of the people; and (3) by what authority. There is but small room for doubt that it was the intention of the Legislature to authorize an additional levy of not more than two mills drag tax upon the taxable property of the township. The act requires all or some part of such an expenditure each year as the township's contribution toward carrying out the policy of the state in the matter of establishing a uniform system

of good roads. So that, while this tax is levied for a township purpose, it also subserves an important state purpose, and in this respect it differs from the ordinary township purpose the Legislature had in mind, at the time it placed the limitation of one and one-half mills upon the township levy by the enactment of section 7376, *supra.*

The drag tax is an additional involuntary tax placed by the state upon one of its instrumentalities, which alone might more than exhaust the maximum levy allowed by section 7376, *supra,* for ordinary township purposes. The legislative demand for this additional expenditure necessarily requiring an extension of the former limitation, in order to carry out the purpose of the later act, it would be absurd to say that the Legislature intended to require the expenditure to be confined within the previous limitation, which was intended to cover the ordinary township levy, or that the levy and collection of a tax necessary to carry out a state purpose should be dependent upon the vote of the qualified electors of a minor state agency.

It is our opinion that, as to this drag tax, the intention of the Legislature was to require the townships and counties of the state to aid the state in its general plan for the construction and maintenance of a system of good roads entirely unhampered and unhindered by any prior statutory limitations upon taxation, except the constitutional limitation of eight mills elsewhere mentioned in the act, and to continue in force the limitations contained in section 7376, *supra,* as to the ordinary county and township levies. In other words, as to townships, if the estimates made by the township authorities for ordinary purposes alone, excluding the drag tax, exceed the

limit placed upon such levies by section 7376, *supra*, then, by virtue of sections 7381 and 7382, it becomes the duty of the county excise board, if it is of the opinion that such excess is reasonably necessary for current expenses, to submit the question of making such increased levy to the qualified electors of the township.

Counsel for plaintiffs in error contend further that, granting that the part of section 10 of the highway law under consideration authorizes the levy of not more than two mills as a drag tax, there is nothing in the act which can be construed as a delegation of power to the county excise board to make the levy. We do not think this contention is well taken. All statutes are presumed to be enacted by the Legislature with full knowledge of all previous laws passed by it; and every statute must be construed with reference to the general system of laws of which it forms a part. The Legislature in passing section 10, *supra*, merely created a new item of municipal expense, chargeable against municipalities affected, for the purpose of promoting the construction and maintenance of good roads and highways, and authorized the levy of a tax for that purpose. That was all that it was necessary to do to carry out the policy of the state; there was sufficient legislation already in effect to authorize the local taxing authorities to make a levy and carry into effect the clearly stated legislative purpose.

For the reasons stated, the judgment of the court below must be affirmed.

All the Justices concur.