**LUSK et al. v. BOTTS, County Treasurer.**

No. 6963—Opinion Filed June 6, 1917.

(166 Pac. 172.)

(Syllabus by the Court.)

**Counties — Taxation — Current Expenses — Limitation.**

Taxes levied for the purpose of co-operating with the state board of agriculture in the eradication of ticks in the various counties, under chapter 80, Session Laws of 1913, are not to be regarded as current expenses of the county; and therefore such levies are not governed by the limitation upon the levy for current expenses.

Error from District Court, Ottawa County; Preston S. Davis, Judge.

Action by James W. Lusk and others, receivers of the St. Louis & San Francisco Railroad, and the St. Louis & San Francisco Railroad Company, against A. R. Botts, County Treasurer of Ottawa County, Okla. Demurrer to answer overruled, and plaintiffs bring error. Affirmed.

W. F. Evans, R. A. Kleinschmidt, and E. H. Foster, for plaintiffs in error.

W. D. Morse, Co. Atty., for defendant in error.

OWEN, J. An action brought by plaintiffs in error, in the district court of Ottawa county, to recover from defendant in error, as county treasurer, the amount of taxes paid under protest for the year 1913 under an alleged excessive levy of .3 mills. Plaintiffs alleged that a levy of 5.3 mills was made against their property for current expenses, and that the .3 mills was in excess of the maximum allowed by statute. The defendant's answer admitted the levy, but alleged the .3 mills was for the purpose of tick eradication and authorized under chapter 80, Session Laws 1913. Plaintiffs demurred to the answer on the ground it failed to state a defense. The demurrer was overruled,

plaintiffs declined to plead further, and judgment was rendered for defendant. To review this action, the cause was brought here by plaintiffs.

It is the contention of plaintiffs that the .3 mills levy for tick eradication was part of the levy for current expenses of the county, and in excess of the limit fixed by section 7376, Revised Laws 1910, and, for that reason, was void. The levy was made by the board of county commissioners under the provisions of chapter 80, Session Laws 1913, which made it the duty of the boards in the various counties referred to in the act to co-operate with the state board of agriculture in the eradication of the fever tick. The act expressly authorizes the board to levy a tax on the taxable property within the county to provide funds with which to carry on this work. While the levy is made for county purposes, that is, to be expended in the county, it subserves an important state purpose. It is to assist the state board of agriculture in carrying into effect the policy of the state to protect the live stock throughout the state. In this respect the levy differs from the ordinary and purely local expenses which are included in the words "current expenses" and limited by section 7376. A similar question was presented to this court in the case of Lusk et al. v. Eminhiser, 53 Okla. 785, 158 Pac. 915. The contention made in that case was to the effect that the tax levied for state highway purposes was governed by the limitation upon the township levy contained in section 7376. Mr. Justice Kane, in delivering the opinion of the court, said:

"There is but small room for doubt that it was the intention of the Legislature to authorize an additional levy of not more than two mills' drag tax upon the taxable property of the township. The act requires all or some part of such an expenditure each year as the township's contribution toward carrying out the policy of the state in the matter of establishing a uniform system of good roads. So that, while this tax is levied for a township purpose, it also subserves an important state purpose, and in this respect it differs from the ordinary township purpose the Legislature had in mind, at the time it placed the limitation of 1½ mills upon the township levy by the enactment of section 7376. * * * It is our opinion that, as to this drag tax, the intention of the Legislature was to require the townships and counties of the state to aid the state in its general plan for the construction and maintenance of a system of good roads entirely unhampered and unhindered by any prior statutory limitations upon taxation, except the constitutional limitation of eight mills elsewhere mentioned in the act, and to continue in force the limitations contained in section 7376,

supra, as to the ordinary county and township levies."

Under the authority of that case we conclude that the levy in question was not subject to the limitation contained in section 7376. Therefore the court below did not commit error in overruling the demurrer, and the judgment will be affirmed.

All the Justices concur.