## A. L. TREESE v. STATE.

No. A-3600.    Opinion Filed June 16, 1921.
(198 Pac. 889.)

(Syllabus.)

**Sunday — Operating Picture Show — Lawfulness.**    Ordinarily, the selling of tickets and the managing and operating of a moving picture show on Sunday is not "servile labor," nor "selling, offering or exposing for sale of any commodity," within the meaning of section 2404, Rev. Laws 1910, and section 2405, as amended by Laws 1913, c. 204.

Appeal from County Court, Payne County; Wilberforce Jones, Judge.

A. L. Treese was convicted of Sabbath breaking, and he appeals. Reversed.

Walter Mathews, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W. C. Hall, Asst. Atty. Gen., for the State.

BESSEY, J.    The amended information, upon which the defendant was tried, charged in substance that on Sunday, February 9, 1919, the defendant, A. L. Treese, willfully and unlawfully, in the city of Cushing, kept open, superintended, and managed a public picture show, and that he then and there sold to the public, for gain and profit, the privilege of admission to such show for the sum of 20 cents; and that he compelled his servants and employees, under his charge and control, to perform servile labor in conducting such show, and that such services were not works of necessity or charity.

To this information, so amended, a demurrer was filed by the defendant, alleging that the information did not state facts sufficient to constitute a public offense; that more than one offense was charged in the amended information; that the things charged therein as being sold or offered or exposed for sale were not a commodity; that the work done did not constitute servile labor; and that the act or omission charged is not clearly and distinctly set forth in ordinary and

concise language, with such a degree of certainty and in such manner as to enable the defendant to understandingly know what is intended, or to enable the court to pronounce judgment upon a conviction according to the right in the case. This demurrer was by the court overruled, and the defendant allowed an exception.

The evidence disclosed that the defendant, on the Sunday alleged in the amended information, for a money consideration, admitted divers persons to a moving picture show in Cushing, Okla., there being operated and managed by the defendant. At the close of the testimony the defendant asked the court for a peremptory instruction, directing the jury to return a verdict of not guilty, for the reason that the allegations of the information and the testimony introduced failed to show that a crime had been committed. This motion was overruled, and an exception reserved and allowed. The court thereafter instructed the jury that to keep open, manage, and superintend a theater and sell tickets therefor on Sunday is servile labor, within the meaning of the law. The court further instructed the jury that all manner of public selling, or offering or exposing for sale of any commodity, with certain exceptions not necessary to notice here, is a punishable offense under our Sunday statute. These, and other instructions given, were excepted to by the defendant, and exceptions allowed by the court.

The issues here involved are similar to those decided in the case af State v. Clint Smith, 19 Okla. Cr. 184, 198 Pac. 879, just handed down by this court, except that in this case it seems to have been the contention of the county attorney and the trial judge that the selling of theater tickets was the sale of a commodity or privilege, within the meaning of subdivision 4, § 2405, R. L. 1910, as amended by act of May 17, 1913 (chapter 204).

Webster's New International Dictionary defines the

word, "commodity," in the sense here used, as "a parcel or quantity of goods, including everything movable that is bought or sold, as goods, wares, merchandise, products of land and manufactures." Black's Law Dictionary defines the term as "goods, wares, and merchandise of any kind; movables; articles of trade or commere."

Applying these definitions and the context of subdivision 4, section 2405, supra, where the term "commodity" is used in connection with the sale of medicine, bread, meats, ice, drugs, etc., it would appear that the word does not refer to the sale of a privilege to attend a moving picture show.

The question of whether or not the sale of tickets to and the conducting and managing of a picture show is servile labor is discussed at length in the case of the State v. Clint Smith, supra, in which we held that such acts and conduct was not servile labor within the meaning of the statutes. For the reasons there given, and for the reasons herein stated, this case is reversed, and the cause below ordered dismissed.

DOYLE, P. J., concurs.

MATSON, J., disqualified and not participating.