## ST. LOUIS-SAN FRANCISCO RY. CO. v. McINTOSH, Co. Treas.

No. 14518—Opinion Filed Oct. 14, 1924.

**1. Counties—Limit of Tax Levy for "Current Expenses" — General Road and Bridge Fund Included.**

A county levy for general road and bridge fund of the county is part of the current expenses of the county, and such levy, together with other levies for current expenses, cannot exceed the limit fixed by section 9692, Comp. Stat. 1921.

**2. Same—Free Fair Fund Included.**

A county levy for free fair fund of the county is part of the current expenses of the county, and such levy, together with other levies for current expenses, cannot exceed the limit fixed by section 9692, Comp. Stat. 1921.

**3. Same—Excess Levy—Recovery by Taxpayer.**

An unauthorized tax levy by the county excise board which exceeds the limit for current expenses, as provided by section 9692, Comp. Stat. 1921, is illegal, and such part of the levy as is excessive, when paid under protest, may be recovered.

(Syllabus by Jones, C. )

Commissioners' Opinion, Division No. 3.

Error from District Court, Rogers County: C. W. Mason, Judge.

Action by the St. Louis-San Francisco Railway Company against J. R. McIntosh, County Treasurer of Rogers County. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

W. F. Evans and Stuart, Sharp & Cruce, for plaintiff in error.

George F. Short, Atty. Gen., and Kathryn Van Leuven, Asst. Atty. Gen., for defendant in error.

Opinion by JONES, C. This action was instituted in the district court of Rogers county, Okla., on the 21st day of January, 1922, by the appellant, plaintiff in the trial court, and against the appellee, defendant in the trial court, to recover taxes paid by the plaintiff under protest. The defendant filed its answer, which is in the nature of a general denial, and the case was tried on an agreed statement of facts. Plaintiff's petition sets forth three seperate causes of action, but the judgment rendered, based on the first cause of action, is the only matter

with which we are here concerned. The material portion of the agreed statement of facts is as follows:

"It is hereby further agreed and stipulated that a tax levy of eight mills was made for the benefit of Rogers county, state of Okla., for the fiscal year beginning July 1, 1921; that the assessed valuation of the property of the plaintiff in said taxing jurisdiction for said year was $1,943,900; that the said levy of eight mills is divided as follows, to wit:

| Fund | Rate levy |
|---|---|
| Current | 3.80 Mills |
| Road and bridge | 1.02 Mills |
| Free fair | .20 Mills |
| Separate school | .50 Mills |
| Const. of state highway | 1.98 Mills |
| Sinking | .50 Mills |
| Total | 8.00 Mills |

It was further agreed that the taxes involved were paid at maturity and under protest, and that four mills is the limit for current expenses in Rogers county. The cause was submitted to the court without the intervention of a jury on the 15th day of January, 1923, and resulted in judgment for the defendant on the first cause of action, from which appeal was duly taken. And that particular portion of the judgment of the trial court complained of, is as follows:

"Whereupon, it appearing to the court that the levy for road and bridge purposes and free fair purposes in said county did not constitute a part of the current expenses of said county, the limit of 4 mills for current expenses as fixed by chapter 262 of the 1917 Session Laws has not been exceeded; (section 9692, Comp. Stat. 1921) and,

"Whereupon, it appeared to the court that a separate levy could be imposed for road and bridge purposes, and a separate levy for free fair purposes,

"It is, therefore, ordered, adjudged and decreed that although the plaintiff herein did, within the time provided by law, pay all of the taxes on its property in said county, on account of and by reason of said levies of 1.02 mills for road and bridge purposes, and 0.20 mills for free fair purposes. and that said taxes were paid before the same became delinquent, and at the time of payment thereof plaintiff delivered to the defendant its protest in writing, setting forth the reason why said protest was made, as well as the amount of taxes so paid under protest, and that said suit was instituted by plaintiff for the recovery of the amount of taxes paid under protest, within 30 days after the payment of the same, that plaintiff have and recover nothing from the defendant herein pursuant to taxes paid under protest pursuant to said levies

for road and bridge purposes, and free fair purposes."

The appellant in its assignments of error set forth five different specifications of error: First, that the court erred in holding that the levy of 1.02 mills for general road and bridge fund was not a part of the levy for current expenses, and makes a similar specification of error concerning the 0.20 mill levy for free fair purposes.

The first and second specifications of error we think cover the material issues here involved. The first proposition, wherein is involved the levy of 1.02 mills for general road and bridge funds, wherein the court held that same did not constitute a part of the current fund of the county, and of which the appellant complained, has been determined favorably to appellant's contention in the recent case of Payne, Federal Agent, et al. v. Ross, County Treasurer, 95 Okla. 273, 219 Pac. 144, and is conclusive of this question, wherein this court held:

"A county levy for general road and bridge fund of the county is part of the current expenses of the county, and such levy, together with other levies for current expenses, cannot exceed the limit fixed by section 9692, Comp. Stat. 1921."

The appellant makes no further contention against the doctrine of this case, consequently the only question for the consideration of the court at this time is whether or not the levy for 0.20 mills for free fair is such a fund or levy as comes within the statutory limitations of four mills, it having been conceded by the parties hereto that 4 mills is the limit for current expenses in Rogers county. The appellant calls attention to the Act of the Legislature of 1915, c. 179, section 8, as amended by section 3, c. 89 of Sess. Laws 1921, as follows:

"Section 8. When the county commissioners shall have declared this act in full force and effect, the county excise board shall levy not to exceed one-fourth of one mill upon the total valuation of the county, for free fair purposes on the estimate of the executive board of the county fair association."

Section 9692, Comp. Stat. 1921, places a limit of four mills, which as heretofore stated, is conceded to apply to Rogers county, for the levy for current expenses. From a careful reading of the Act of the Legislature, providing for a levy of not to exceed one-fourth mill for free fair purposes, we fail to find any provisions which would exempt it from the 4 mill limitations imposed by section 9692.

Appellant cites the case of St. Louis-San

Francisco Railway Company v. Caldwell, 75 Okla. 153, 182 Pac. 688. In that case the county excise board had made a levy of the full statutory limitation, of four mills for current expenses. There was another statute then in force which permitted the county excise board, after estimating the expenses for the year, to add an additional ten per cent. for delinquent taxes. When this ten per cent. additional was added, the limitations prescribed by section 9692 were passed. Notwithstanding the fact that a specific statute granted authority to levy this additional ten per cent., the court held that the ten per cent. could only be levied when it stayed within the limitations prescribed by the statute. The following quotation is taken from the syllabus:

"Unless otherwise authorized by a vote of a municipality affected, the excise board is without authority to levy a tax in excess of the limit provided in chapter 195, supra, and if such excessive levy is made, then such part of the levy as is excessive is illegal, and a suit will lie to recover back that portion of the money, the product of the part of the levy which is excessive."

In the case of Missouri, K. & T. Ry. Co. v Walker, 54 Okla. 359, 154 Pac. 343, the court announces a similar rule, holding that the statutory limitations for current expenses could not be exceeded. The Act of the Legislature authorizing the creating of free fairs, in defining the object thereof, said:

Section 2. "The object of free fairs shall be to promote agriculture, horticulture, fruit culture, live stock and poultry raising, manufacturing, arts, trades and every industry, of the county in which the fair is held."

It will be observed that the Legislature in defining the object of the free fair statute has confined it strictly to the county in which the fair is held. Such fairs are purely local in their nature and benefits, and should be governed by the limitations upon the local taxpayers.

The appellee calls attention to the law governing free fairs, and in support of his contention cites the case of Lusk v. Botts, 64 Okla. 52, 166 Pac. 172, but from an examination of this case, we find that it was dealing with a tax levy for the purpose of co-operating with the State Board of Agriculture, in the eradication of fever ticks, in the various counties of the state as provided for by section 80 of Sess. Laws 1915, wherein the court held that a tax or levy for this purpose did not come within current expenses of the county; and in the case of Lusk v. Eminhiser, 53 Okla. 785, 158 Pac. 915, this court, in dealing with the two mill

drag tax authorized by an Act of the Legislature, and looking to the establishing and maintenance of a state highway system throughout the state, likewise held that same did not come within current expenses of the county, and might be levied in excess of the limitations for current expenses, but we do not regard these authorities as being in point. The Act of the Legislature in each instance was dealing with a matter which was not purely of local interest or importance, but is clearly of a state-wide nature, and in our judgment has no application to the question now before the court for determination. Section 9692, Comp. Stat. 1921, is the general law controlling the levy of taxes for counties, and is as follows:

"Additional Levy. In all counties, the total levy for current expenses of each county, city, town, township or school district shall not exceed in any one year the following:

"County levy not more than four mills, provided that any county may levy not exceeding one mill additional in aid of the common schools of the county; and provided, that where the assessed valuation of any county is less than $5,000,000, the county levy shall not exceed seven mills for current expenses, and one mill in aid of the common schools of the county; provided, further, that where the assessed valuation of any county is less than $13,500,000 and not less than $5,000,000, the county levy shall not exceed six mills for current expenses and one mill additional in aid of the common schools of the county; city levy not more than six mills; incorporated town levy not more than four mills; township levy not more than one and one-half mills; school district levy for the support of common schools, not more than five mills. Provided, that the words, 'current expenses', as used in this section, shall not include an annual sinking fund to pay the bonded indebtedness of such county, city, town, township, or school district at its maturity, or the interest falling due on its outstanding bonded indebtedness, or any judgment against such county, city, town, township or school district. Provided, the county excise board in each county in the state is hereby authorized to levy in addition to the levies provided for herein not to exceed one mill for tick eradication in such county. Provided, that this act shall be construed (not) to repeal or modify the provision of section 5, chapter 30 of the Session Laws 1916, authorizing additional levies of taxes for county road and bridge purposes."

It will be noticed by referring to the levy authorized for current expenses, that authority is given to levy an additional one mill in aid of the common schools of the county, and provides that the words "current expenses," as used in the section, shall

not include the annual sinking fund to pay the bonded indebtedness, etc., and specifically authorizes the levy of one mill for tick eradication, and provides that this act shall be construed not to repeal or modify the provisions of section 5, chapter 30 of the Sess. Laws 1916, authorizing additional levy of tax for county road and bridge purposes, and from an examination of the act referred to, it will be found to pertain to state highways and is not applicable to the maintenance of local county roads.

We think under this provision, and the terms thereof, that, unless an act of the Legislature is so drawn as to clearly convey the idea that the levy provided for shall be in addition to the limitations provided in section 9692, that it shall be construed to come within the terms and conditions of said section, and as suggested by appellant, the familiar rule in the construction of the statute, "Expressio unius est exclusio alterius" is applicable. 25 R. C. L. 981, announces the rule as follows:

"It is a general principle of interpretation that the mention of one thing implies the exclusion of another thing: expressio unius est exclusio alterius. The affirmative description of the cases in which the jurisdiction may be exercised implies a negative on the exercise of such power in other cases. The enumeration of certain powers in a statute relating to corporations implies the exclusion of all others not fairly incidental to those enumerated. Enumeration in a chapter of incorporation of the purposes for which the corporation may acquire title to real estate is necessarily exclusive of all other purposes. A statute directing a thing to be done by a specified officer or tribunal implies that it shall not be done by a different officer or tribunal. * * *"

In the case of Ex parte Ballew, 19 Okla. Cr., 201 Pac. 525, the Court of Criminal Appeals said:

"Applying the rule of statutory construction, 'Expressio unius est exclusio alterius' the affirmative description and enumeration of the acts constituting contempt implies a negative as to the exercise of such power in other cases not enumerated."

From a careful examination of all the statutes involved, we are inclined to the opinion that the trial court committed error in holding that the two items here involved, viz., road and bridge funds 1.02 mills, and free fair 0.02 mills, did not come within the limitation of taxes for current expenses, and we therefore hold that the judgment of the trial court should be reversed, and it being a matter tried upon an agreed statement of facts about which there is no controversy, we deem it proper to render judgment in favor of the plaintiff and against the defendant for all taxes paid under protest, pursuant to the levy made for road and bridge purposes and free fair, in excess of four mills, and direct that the judgment be rendered accordingly by the trial court, and whether the appellees shall refund the entire amount paid on the road and bridge fund, by reason of the 1.02 mill levy, which would reduce the levy to the four mill limitation, or whether they shall refund the 0.20 mills levied for free fair and 0.82 mills of the 1.02 mills levy for road and bridge purposes, is a matter of discretion and a question for determination by the appellee, Rogers County,

By the Court: It is so ordered.