## PROTEST OF CHICAGO, R. I. & P. RY. CO.

No. 23564. Opinion Filed June 28, 1932.

·W. R. Bleakmore, W. L. Farmer, John Barry, and Robert E. Lee, for protestant.

C. N. Ernest, County Attorney, for protestee.

ANDREWS, J. This is an appeal from a judgment of the Court of Tax Review involving tax levies for the fiscal year commencing July 1, 1931, made by the excise board of Grant county, Okla., in favor of the protestee, from which the protestant appealed to this court.

The first item involved is one of $12,000 appropriated for the maintenance and repair of township roads, as a part of the county general fund. The protestant contends that under the provisions of chapter 48, S. L. 1923-24, a special fund known as the county highway fund was created, to which all moneys collected, apportioned, or received from any source by any county for road purposes would be diverted, and that thereafter there was no provision of law for the inclusion in a general fund of a county of any amount for the construction of roads.

By the provisions of section 7581, R. L. 1910, all bridges, culverts, and roads shall be at least 14 feet wide and all bridges and culverts more than 20 feet long shall be under the control and supervision of the board of county commissioners and shall be built by the board of county commissioners. That section was carried forward as section 10024, C. O. S. 1921. It was omitted from O. S. 1931 for the stated reason that it was repealed by chapter 173, S. L. 1915. An examination of that chapter discloses that while the title to that act provided for the repeal of the section, there was nothing in the body of the act providing for such a repeal. We are forced to hold that the section was not repealed. Under the provisions of that section as construed in Sexton v. Smith, 32 Okla. 441, 122 P. 686, township highway commissioners have no authority to enter into a contract for the construction of a bridge on a township road of more than 20 feet in length. The duty to construct such a bridge is on the board of county commissioners. Section 10148, O. S. 1931 (section 10199, C. O. S. 1921), being section 2, chapter 30, S. L. 1916, provides that the board of county commissioners shall build and maintain all bridges on township roads with a span of more than 20 feet. In Payne et al. v. Ross, Co. Treas., 95 Okla. 273, 219 P. 144, St. Louis-S. F. Ry. Co. v. McIntosh, Co. Treas., 103 Okla. 246, 229 P. 1064, and Bristow Battery Co. et al. v. Payne, Co. Treas., et al., 123 Okla. 137, 252 P. 423, it was held that a county levy for general road and bridge construction was limited to the rate of levy authorized by section 12669, O. S. 1931 (section 9692, C. O. S. 1921), for the reason that such construction work was a part of the current expense of the county. Section 12669, supra, limits the county levy for current expense purposes to four mills with certain exceptions not applicable herein.

By the provisions of section 12677, O. S. 1931 (section 9698, C. O. S. 1921), the current expense of a county includes "* * * construction of new bridges, so itemized as to show the location of each proposed bridge and the amount appropriated therefor, separately stated; for maintenance and repairs on bridges; for construction and

maintenance of state roads (appropriation in lieu of one-fourth or other mill levy for county road construction fund); for opening and changing roads, and costs incident to condemnation proceedings to obtain right of way for roads; for machinery, tools and equipment for road work; for equipment for working convicts on road work and compensation of guards therefor. * * *"

The rule that a levy for the construction of roads and bridges by a county was limited to the rate of levy for the current expense of the county was changed by the adoption of chapter 173, S. L. 1915. Schaff, Rec., v. Borum, Co. Treas., 82 Okla. 284, 200 P. 191; Simmons v. Stuckey, Co. Treas., et al., 113 Okla. 200, 241 P. 124. The changed rule was carried forward by the enactment of chapter 48, S. L. 1923-24. Franklin v. Ryan, Co. Treas., 125 Okla. 161, 256 P. 932. To the same effect is Missouri, K. & T. Ry. Co. v. Washington County, 136 Okla. 191, 276 P. 769. The language used in that decision was used with reference to the facts involved in that case and not with reference to such facts as are shown herein. While the legislative intention evidenced by chapter 48, S. L. 1923-24, was that thereafter there should be only one fund for the construction of county roads, there was nothing in the decision or in the act construed that in any way operated to repeal the statutory authority for the construction by a county of bridges of more than 20 feet in length on township roads.

We, therefore, hold that a county may include in the levy for current expense purposes an appropriation for the construction of bridges more than 20 feet in length on township roads and that a levy for general fund purposes including such an appropriation is not for that reason void. Nothing herein said shall be construed as a holding that the construction of county or state roads may be from the current expense fund of the county or that there may be included in the current expenses of the county an appropriation for the construction of county roads.

The second item presented is a levy for the county highway fund. The protestant contends that that levy was excessive for the reason that there had been an illegal transfer of funds by supplemental appropriation, by reason of which illegality the rate of levy made therefor is excessive. There is nothing in the record to show that funds appropriated for highway construction were transferred from the fund therefor to some other fund. The transfer made therein was within the highway construction fund, that is, funds appropriated for highway construction at designated places were transferred to highway construction at other designated places, by supplemental appropriation. We know of no rule that prevents such a supplemental appropriation. It is contended by the protestant that the provision of law for a supplemental appropriation applies only to current expense purposes for the stated reason that those purposes only are mentioned in the provisions of that act. Section 12680, O. S. 1931 (section 9701, C. O. S. 1921). We cannot follow that reasoning, for a similar situation exists as to original appropriations. We, therefore, hold that a supplemental appropriation for highway construction may be made in the same manner as a supplemental appropriation for current expense purposes.

The protestant contends that the supplemental appropriation is void for the reason that it was not filed with the State Auditor. It is admitted that there is no provision of the initiative act creating the Court of Tax Review which requires the filing of a supplemental appropriation with the State Auditor. In the absence of a provision to that effect, we hold that supplemental appropriations, which do not operate to increase the rate of levy of ad valorem taxation, are not required to be filed with the State Auditor.

The third item involves an appropriation for highway purposes. It is contended by the protestant that there was not a sufficient itemization thereof. The form of itemization used was as follows: "14. Section 1. 1500.00." It is shown by the testimony that the figures refer to the county road map on which the various sections of the county highway had been designated. While the statute (section 2, art. 2, c. 173, S. L. 1915) requiring the making of a county road map was repealed by section 23, chapter 48, S. L. 1923-24, there is nothing that prohibits the making of such a map and the designation of sections of road thereon.

We hold that the itemization of the estimate for county highway purposes as made was sufficiently definite and certain to inform the taxpayers of the county of the location of the proposed roads and bridges and that there was no error in making the appropriation and levy based on the estimate as made and published.

The next item involved certain drag funds of certain townships of the county. A drag tax of not more than two mills for townships is authorized by the provisions of section 1, article 8, chapter 50, S. L. 1931.

A similar provision was upheld in Lusk et al. v. Eminhiser, Co. Treas., 53 Okla. 785, 158 P. 915, St. Louis-S. F. Ry. Co. v McIntosh, Co. Treas., 103 Okla. 246, 229 P. 1064, and Oklahoma News Co. v. Ryan, Co. Treas., 101 Okla. 151, 224 P. 969. By the provisions of section 2, article 7, chapter 50, S. L. 1931, an ad valorem tax levy of not to exceed three mills was authorized for the purpose of constructing and maintaining township roads. The provisions of that act authorize such a levy in addition to the levy authorized by the Legislature for township current expense purposes within the limitation fixed by the Constitution. It is herein contended that since the two acts were adopted at the same session of the Legislature, the latter section is applicable and that there is now no provision for a drag fund. We cannot so hold. The provisions of the acts are not conflicting. We hold that a township levy may be made for current expense purposes not exceeding the legislative limit thereon, for drag purposes not exceeding the legislative limit thereon, and for the construction and maintenance of township roads not exceeding the legislative limit thereon, the total of all of them to be within the constitutional limit of five mills for township purposes.

We find no error in the judgment of the Court of Tax Review, and that judgment is in all things affirmed.

RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and CLARK, V. C. J., absent.