Nathaniel E. JOHNSON, Candidate for State Representative, District Number 5, Oklahoma County, Oklahoma, Petitioner,

v.

STATE ELECTION BOARD of Oklahoma, consisting of Clee Fitzgerald, Chairman, Herbert F. Hewett, Vice Chairman, and Louie R. Geiser, Secretary, Respondents,

Red Andrews, Intervenor.

No. 40038.

Supreme Court of Oklahoma.

April 11, 1962.

As Corrected April 12, 1962.

**552**

E. Melvin Porter, Oklahoma City, Amos T. Hall, Tulsa, for petitioner.

Mac Q. Williamson, Atty. Gen., Fred Hansen, First Asst. Atty. Gen., Floyd L. Martin, Jr., Asst. Atty. Gen., for respondents.

Roy L. Sullivan, Neill P. McInnis, McInnis & Sullivan, Oklahoma City, for intervenor.

DAVISON, Justice.

This is an original proceeding commenced by Nathaniel E. Johnson (candidate for State Representative, District No. 5, Oklahoma County, Oklahoma) to enjoin the State Election Board of Oklahoma, consisting of Clee Fitzgerald, Chairman, Herbert F. Hewett, Vice Chairman, and Louie R. Geiser; Secretary, from placing the name of Red Andrews on the ballot, as a candidate for the Democratic party for the office of State Representative from said District No. 5, at the ensuing primary election to be held on the first Tuesday of May, 1962.

Red Andrews was granted permission to intervene and appears in opposition to petitioner's application for such injunctive relief. Intervenor contends that he is a legally qualified candidate for such office and that the respondents did not err in denying petitioner's protest challenging intervenor's notification and declaration of candidacy for the office that he filed with the State Election Board.

Petitioner alleges and contends that the applicable provisions of the constitution and statutes of the State of Oklahoma require that intervenor be a resident of Legislative District No. 5 at the time of filing for such office and, since intervenor was not a resident of said district, that intervenor does not qualify as a candidate and his name should not appear on the primary election ballot. The parties have agreed that the matter be submitted to this court on the record made at the hearing held on petitioner's protest before the State Election Board on March 16, 1962. At the conclusion of that hearing the State Election Board found that intervenor was not a resident of said District No. 5 at the time of filing his notification and declaration as a candidate. The Board concluded however that the protest should be denied because intervenor had been a resident of the State for one year and the

county for six months, and the time intervening between the hearing (March 16, 1962) and the primary election (May 1, 1962) was sufficient to enable the intervenor to reside in his precinct thirty days before the election. In which event intervenor would acquire the status of a qualified elector (Const., Art. 3, Sec. 1; 26 O.S.1961 § 61) in District No. 5 and satisfy the requirement that a candidate be a qualified elector (26 O.S.1961 §§ 161, 162.)

We will first determine whether intervenor was a resident of Legislative District No. 5 in Oklahoma County at the time of filing his notification and declaration as a candidate. The intervenor is the incumbent representative from District No. 5 and has held that office for a number of past legislative terms. The record reflects that he has been a registered elector in that district since 1954; that previous notifications and declarations whereby he filed as a candidate set forth his residences at addresses in District No. 5; that the health of his wife was such that she spent much time in Arizona and California; and that on occasion he had stayed with relatives when not living in the district. The record further reflects that on or about February 1, 1962, intervenor registered and began living in the Huckins Hotel at 20 North Broadway in Oklahoma City, which is in District No. 5, and introduced two receipts reflecting payment for his occupancy during the months of February and March. Intervenor testified that he resided at this address with the intent to make the same his residence. On February 27, 1962, intervenor filed his notification and declaration as a candidate with the State Election Board wherein he stated he resided at 20 North Broadway in Oklahoma City, and gave his post office address as another hotel, also located within District No. 5. Intervenor received mail at both places.

In concluding that intervenor was not a resident of District No. 5 at the time of filing his notification and declaration it appears the State Election Board was influenced by evidence that intervenor owned a trailer which was equipped for living purposes and was located in a trailer park outside of District No. 5. Intervenor testified that he had slept there a few nights and on occasion had coffee and snacks but that the trailer and the telephone therein was used strictly for his office and business purposes as a public relations representative and in connection with some of his duties as a representative in the state legislature.

■ It is our conclusion that the clear weight of the evidence reflects that intervenor at the time of filing his notification and declaration of candidacy, and for some time prior thereto, was a resident and a qualified elector of District No. 5.

■ In Ingram v. State, Okl.Cr., 275 P.2d 334, and Leasure v. State, Okl.Cr., 275 P.2d 344, we stated:

"The word 'reside' as used in Tit. 26 O.S.1951, § 61, specifying the qualifications of electors to be entitled to vote, means to be in residence, one's place of abode, as distinguished from a place where one is employed or an office or place devoted strictly to commercial enterprise."

Petitioner also contends the State Election Board, having concluded that intervenor was not a resident of District No. 5, erred in refusing to strike intervenor's name from the primary ballot. As stated above the State Election Board's refusal was based on the proposition that intervenor still had more than thirty days within which to establish residence in a precinct in District No. 5 and attain the status of a qualified elector therein as defined in Const. Art. 3, Sec. 1 (26 O.S.1961 § 61) and required of candidates by 26 O.S.1961 §§ 161, 162. Our determination that intervenor was in fact a resident of District No. 5 in effect disposes of petitioner's contention as based on the prior circumstances.

Under the circumstances, as they now exist, the law is clear that the State Elec-

tion Board did not err in refusing to strike intervenor's name as a candidate. In County Election Board of Coal County v. Robinson, Okl., 352 P.2d 920, we quoted and discussed the constitutional and statutory requirements relative to qualifying as an elector as applicable to candidates and stated:

"We therefore conclude and hold that only a qualified elector as defined by the Constitution and the laws of the State of Oklahoma, who is qualified *or may become qualified elector in the primary election,* may become a candidate and have his name printed on the official ballot of his party in a primary election. * * * (Emphasis ours.)

It is our conclusion that one who may become a qualified elector in the primary election and has shown his intention in his filing notification and declaration for a period of more than 30 days before the primary election is entitled to become a candidate and have his name printed upon the official ballot of his party in such primary election.

Petitioner cites Findley v. State Election Board of Oklahoma, Okl., 325 P.2d 1037. In that case we determined, under the provisions of the constitution, a candidate would be eligible to hold the office of attorney general at the date of the general election. In the present case we are determining whether a party has the statutory qualifications to be a candidate at the primary election. It is merely a proposition of different circumstances and the application of separate laws.

All parties argue the question whether a candidate for representative from a Legislative District in Oklahoma County must be a resident in such district at the time of filing his notification and declaration of candidacy. Petitioner contends the candidate is required to be a resident of the district. Respondents and intervenor argue the candidate is not required to be a resident. The determination of this proposition depends upon the applicable provisions of the constitution and statutes.

Article 5, Sec. 17 of the Constitution is as follows:

"Members of the Senate shall be at least twenty-five years of age, and members of the House of Representatives twenty-one years of age at the time of their election. They shall be qualified electors in their respective counties or districts and shall reside in their respective counties or districts during their term of office."

The plain meaning of this language is that the requirements of this section have reference to the status of representatives at and after their election to office and not prior to or during their candidacy for such office. Stafford v. State Election Board, 203 Okl. 132, 218 P.2d 617, 620, in which we stated:

"The Constitution does not prescribe the qualifications of a candidate in a primary election. Therefore it was within the province and right of the Legislature to declare upon what terms and subject to what conditions the right to become a candidate before a primary election shall be conferred. * * *"

Pursuant to the direction in Const., Art. 3, Sec. 5, the legislature enacted laws for a regulatory primary system. Title 26 O.S.1961 § 162, states in part:

"Any qualified elector * * * shall have his name printed on the official ballot of his party for an office to which he is eligible in any primary election, upon filing with the proper officer, within the time provided by law, a Notification and Declaration of candidacy. * * *"

Neither the above language nor that of the notification and declaration make any requirement that a candidate for representative reside within the Legislative District at the time of such filing.

We also call attention to 14 O.S.1961 § 100, dividing designated counties into legislative districts. This statute, in sub-

division (b) and (f) inclusive, divides certain counties (not including Oklahoma County) into legislative districts, and provides in some instances that the candidates shall be residents of the district and in other instances that the candidates shall be electors of the district.

However said Section 100, subd. (a) divides Oklahoma County into seven legislative districts with absolutely no requirement that the candidate be a resident or elector of the district, as imposed in subdivision (b) through (f) in the other named counties.

Petitioner urges that the whole plan of candidacy and nomination by primary election evinces an intent by the legislature that candidates for the House of Representatives, at the time of filing, be residents of the districts they seek to represent. We do not agree. It is a general principle of interpretation that the mention of one thing implies the exclusion of another; expressio unius est exclusio alterius. In 50 Am.Jur.Statutes, Sec. 244, it is stated:

"* * * Thus, a statute that directs a thing to be done in a particular manner, or by certain persons or entities, ordinarily implies that it shall not be done in any other manner, or by other persons or entities. * * *"

See Stone v. Bonaparte, 148 Okl. 70, 297 P. 228, 233, and St. Louis-San Francisco Ry. Co. v. McIntosh, 103 Okl. 246, 229 P. 1064, 1067.

It is our conclusion that under the law of Oklahoma intervenor was not required to be a resident of District No. 5, Oklahoma County, at the time of filing his candidacy for representative from such district.

Petition for writ of injunction is denied.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH, HALLEY, JACKSON, IRWIN and BERRY, JJ., concur.