QUALIFICATIONS — COUNTY SHERIFF
The State Legislature may constitutionally enact a law to require that a candidate for County Sheriff be a registered voter in the county in which he or she seeks election. The Legislature may also constitutionally enact a law to set minimum age requirements and educational requirements for the office of County Sheriff so long as said requirements are not arbitrary. The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following questions: (1) May the Legislature constitutionally enact a law which would set qualifications to serve as county sheriff, to-wit: (a) Requiring the candidate to be a registered voter of the county in which he or she seeks election to the office of sheriff; (b) Setting minimum age requirements as well as educational requirements for candidates for the office of county sheriff. Title 19 O.S. 131.1 [19-131.1] (1975), provides: "To file for nomination by any political party to any county office one must have been a registered member of that party, and within said county, for the six-month period immediately preceding the first day of the filing period prescribed by law and, under oath, so state. For his name to appear on the ballot as an independent candidate for county office, one must have been registered as an independent elector for the six-month period immediately preceding the first day of the filing period prescribed by law and, under oath, so state." Title 19 O.S. 132 [19-132] (1971), provides: "No person shall be eligible to any county office unless he shall be, at the time of his election or appointment, a qualified voter of the county." Sections 19 O.S. 131.1 [19-131.1] and 19 O.S. 132 [19-132] [19-132] are presumed to be constitutional and it has been generally held that a residency requirement for candidates is not violative of the Constitution. In the case of Draper v. Phelps, D.C. Okl., 351 F. Supp. 677 (1972), at page 683 of the Opinion, the following language appears: "The State has a compelling interest in preventing frivolous and fraudulent candidacy by persons who have had no previous exposure to the problems and desires of the electorate of a representative district. The Court knows of its own knowledge that this problem has existed for many years. Absent a durational residency requirement `carpet bagger' candidates who have no desire, as agents or representatives of the district, genuinely to acquaint themselves with the problems of a representative district and conscientiously strive for the solution thereof in the legislative halls, can be candidates. "The State also has a compelling interest in requiring that those who expect to stand for the office of state representative take the matter seriously and make plans for their candidacy in advance of the election date. Serious candidates do usually have well-laid plans fashioned over a period of time. The great majority of state representatives have lived in their respective districts for periods well in excess of the six months required by 14 O.S. 108 [14-108]. "The Legislature, of which the House of Representatives is an integral part and to which the Plaintiffs covet election, is the policy determining, the law making, branch of our State government. If those who serve there as elected representatives are to be effective agents of their constituents, if representative government is to function as it should at the highest and best level, assuredly the voters in each representative district should be afforded an opportunity to appraise the qualifications of the candidates in order that they elect those whom they deem to be best qualified. Historically that opportunity has been afforded by residence for a period of time in the representative district in which a candidate chooses to stand for election. * * * "The Court concludes that a six-months residence requirement in the representative district in which a candidate seeks election to the House of Representatives of Oklahoma is not violative of the Equal Protection of the Law clause of the Fourteenth Amendment of the Constitution of the United States." In light of the foregoing authority, which is applicable not only to the office of State Representative but to any elective office, it is clear that a candidate for the office of County Sheriff may be required to be a registered voter of the county in which he or she seeks election as provided by 19 O.S. 131.1 [19-131.1] (1975) and 19 O.S. 132 [19-132] (1971). As to whether the Legislature may constitutionally set minimum age requirements and educational requirements, your attention is invited to the case of Johnson v. State Election Board, Okl., 370 P.2d 551 (1962), wherein the following language appears in Syllabus 3 by the court: "The Constitution does not prescribe the qualifications of a candidate in a primary election. Therefore it was within the province and right of the legislature to declare upon what terms and subject to what conditions the right to become a candidate for a primary election shall be conferred." (Citations omitted) There is no language in the Constitution of the State of Oklahoma establishing qualifications for the office of County Sheriff either as to the minimum age for candidates or establishing any educational requirements. The Oklahoma Statutes provide in 70 O.S. 3311 [70-3311] (1975), for the training and testing of a person holding the office of County Sheriff unless the person was employed as a permanent peace officer prior to July 1, 1968. A search of the statutes does not reveal that there is a minimum age requirement or any educational requirements in addition to those provided in Section 70 O.S. 3311 [70-3311] above, but it is clear that it is well within the power of the Legislature to prescribe the qualifications of officeholders within the State of Oklahoma. In 67 C.J.S., Officers, 11, page 124, the following language appears: "Subject to such limitations as may be imposed by the constitution, the power to fix the qualifications of those who shall hold offices may be exercised by the legislature. The qualifications fixed may not be arbitrary, but must be reasonable and based on substantial grounds which are natural and inherent in the subject matter of the legislation. . . ." It should be noted that Sections 131.1 and 132 indirectly require candidates for county offices to be at least 18 years of age, that being the age at which one may register to vote. However, in light of the authorities, it is clear that the Legislature has the power to establish an additional minimum age requirement so long as the requirement is not arbitrary as against one who wishes to seek public office. The Legislature may also impose certain educational requirements for holding the office of County Sheriff so long as said requirements are not arbitrary. It is, therefore, the opinion of the Attorney General that your request should be answered in the following manner: The State Legislature may constitutionally enact a law to require that a candidate for County Sheriff be a registered voter in the county in which he or she seeks election. The Legislature may also constitutionally enact a law to set minimum age requirements and educational requirements for the office of County Sheriff so long as said requirements are not arbitrary. (Michael Cauthron)