PER CURIAM.
The appellants, Robert A. Butterworth, Attorney General of the State of Florida, Ross E. Brittain, Audrey R. Greenberg, Don A. Anders, Kathleen Bell, and Beatrice M. Griswold, challenge a final judgment refusing to grant a writ of quo warranto. We affirm.
This dispute arose out of appellee John R. Espey’s election as a member of the Pinellas County School Board. The appellants contend that the appellee is not qualified to serve as a member of the school board because he was not a resident of the residence area from which he was elected at the time he filed his qualifying papers or subsequent thereto. We disagree.
At the time Mr. Espey filed his qualifying papers seeking election to the school board, he expressed his intention to become a resident of the proper residence area. He owned a house in the residence area. He, however, had not physically moved into the house because the tenant had not vacated. The tenant subsequently vacated the residence. The appellee then moved certain of his belongings into the home, and the record contains competent and substantial evidence to support the trial court’s finding that Mr. Espey was a resident of *399 the proper residence area at the time of the primary and general elections of 1986. See Bloomfield v. City of St. Petersburg Beach, 82 So.2d 364 (Fla.1955); Ogden v. Ogden, 159 Fla. 604, 33 So.2d 870 (1947); Walker v. Harris, 398 So.2d 955 (Fla. 4th DCA 1981).
Our decision would be different if we were applying the 1988 version of section 230.10, Florida Statutes (Supp.1988). In 1986, however, the fact that Mr. Espey had not completed his physical move to the proper residence area at the time he filed his qualifying papers did not make him ineligible to be elected and to serve as a school board member. At the time Mr. Espey’s name was placed on the general ballot and at all times subsequent thereto, he was a resident of the area from which he was elected. At the critical time, section 230.10, Florida Statutes (1985), provided:
Election of board by districtwide vote.
—The election of members of the school board shall be by vote of the qualified electors of the entire district. Each candidate who qualifies to have his name placed on the ballot of the general election shall be listed according to the school board member residence area in which he resides.
The trial court held, and we agree, that Mr. Espey was properly elected and is qualified to serve because he was a resident of the proper residence area at the time he was qualified to have his name placed on the general election ballot, i.e., after he won the primary election.
We reject the appellants’ contention that the statute required the proper residency at the time the appellee filed his initial qualifying papers. If the legislature had intended to make this a requirement it could have easily been stated, as it was in the amended section 230.10 in 1988 which provides: “Each candidate for school board member shall, at the time he qualifies, be a resident of the school board member residence area from which he seeks election.” Accordingly, the trial court properly denied the appellants’ request to have Mr. Espey ousted from his position on the Pinellas County School Board, See State ex rel. Pooser v. Wester, 126 Fla. 49, 170 So. 736 (1936).
Affirmed.
SCHOONOVER, C.J., and SCHEB and CAMPBELL, JJ., concur.