PER CURIAM.
The issue before us is whether Mr. Doran is disqualified to seek election to the House Seat for District 27 because he was not a resident of that district at the time he qualified. We find that under the Florida Constitution and current law, Mr. Doran is qualified to run for office in District 27.
There are two provisions in the Florida Constitution that we must consider. First, Article III, Section 2 provides: “Each house shall be the sole judge of the qualifications ... of its members_” And second, Article III, Section 15 provides: “Each legislator shall be ... an elector and resident of the district from which elected....”
In addition to the constitutional provisions, we should also consider the definition of “elector” as set out in section 97.021(9), Florida Statutes:
“Elector” is synonymous with the word “voter” or “qualified elector or voter” ex- *556 eept when the word is used to describe presidential electors.
And we should consider section 97.041, Florida Statutes, which lists the qualifications of a registered voter as:
(l)(a) A person may become a registered voter only if that person:
1. Is at least 18 years of age;
2. Is a citizen of the United States;
3. Is a legal resident of the State of Florida;
4. Is a legal resident of the county in which that person seeks to be registered; and
5. Registers pursuant to the Florida Election Code. (Emphasis added.)
There is no claim in this appeal that Mr. Doran is not an “elector” within the meaning of the law. Although there is a statement in Appellants’ brief that Mr Doran was not an “elector” of District 27 at the time of qualifying, Appellants cite no authority indicating that such a requirement exists. And if Mr. Doran was constitutionally qualified to hold office in District 27 at the time he made the oath even if he did not at that time reside within the district, then the oath was not false. Therefore, the issue before us is whether Mr. Doran, in fact, met the “resident” requirement of the constitution at the time he took the oath.
In this regard, we note that the relevant constitutional provision speaks in futuro and not in praesenti, unlike the oath being relied on by Appellants. The constitution requires that (1) the legislator (2) shall be a resident of the district (3) from which elected. A candidate is not a “legislator” until after the election. And such legislator must be a resident of the district which elected him or her. “Elected” is past tense indicating again that the election has been completed. And “shall be” indicates that it will exist not that it is.
A similar issue was before the court in Butterworth v. Espey, 565 So.2d 398 (Fla. 2d DCA 1990). That case involved a candidate who qualified to run for the school board from a district not yet his residence. In Espey, the statute required that “[e]ach candidate who qualifies to have his name placed on the ballot of the general election shall be listed according to the school board member residence area in which he resides.” Because the statute limited its application to the general election, the court reasoned that there was no legislative intent to apply a residency requirement to a primary election. Thus the court held that this provision only required that Mr. Espey be a resident of the appropriate school board residence district if after the primary election, he qualified to have his name placed on the ballot for the general election. Since he moved to the appropriate district before the election, the court held him qualified to seek the position. The court noted that if the legislature intended to require residency at the time of qualifying, it should have so stated in the statute. Shortly thereafter the legislature did just that.
Without question, the constitution leaves it to the legislature to determine the qualifications of its members. If it desires to require that candidates for a legislative seat be a resident of a district at or before the time of qualifying, it can so require. It simply has not yet done so.
The issue is not unique to Florida. In Johnson v. State Election Board, 370 P.2d 551 (Okla.1962), the court stated:
The determination of this proposition depends upon the applicable provisions of the constitution and statutes.
Article 5, See. 17 of the Constitution is as follows:
“Members of the Senate shall be at least twenty-five years of age, and members of the House of Representatives twenty-one years of age at the time of their election. They shall be qualified electors in their respective counties or districts and shall reside in their respective counties or districts during their term of office.
The plain meaning of this language is that the requirements of this section have reference to the status of representatives at and after their election to office and not prior to or during their candidacy for such office.
Although it might be a reasonable requirement that one who seeks to represent a *557 district actually reside within that district for a period of time prior to qualifying so that he or she might be expected to know and understand the peculiar problems of that district, the legislature has not yet enacted such a requirement. It is not our place to impose such requirement in its stead.
AFFIRMED.
PETERSON, C.J., and HARRIS and THOMPSON, JJ., concur.